SOTOMAYOR *v*. LEE, RECEIVER OF THE ESTATE OF OLIVIERI.

APPEAL from the District Court of Ponce.

No. 717.—Decided February 16, 1912.

RECEIVER OF ESTATE—HEIRS—MISJOINDER OF PARTIES DEFENDANT—POWERS OF RECEIVERS.—A demurrer on the ground of misjoinder of parties defendant to a complaint formulated directly and exclusively against the receiver of an estate without including the heirs who compose the succession should be sustained where no allegation is made in the complaint as to the powers given to said receiver for, as a general rule, authority to sell property without an order of the court is not included among the powers conferred upon receivers and, therefore, the service of a summons upon the receiver only is insufficient to enable a court to make any disposition whatever of the property of the heirs in the possession of the receiver.

JOINDER OF ACTIONS—ACTIONS DERIVED FROM EXPRESS CONTRACTS—LOAN NEGOTIATED BY RECEIVER—EXPENSES, COSTS, AND ATTORNEY'S FEES.—Claims to collect loans made to a receiver for disbursements made by him in payment of expenses incurred in operating the properties in his charge may be joined with claims against him for expenses, costs, and the fees of counsel in the suit in which he was appointed receiver, because the first is derived from an express contract and the second from an implied contract.

ID.—PRAYER OF COMPLAINT—DEMURRER.—Where a suit is brought against a receiver in the capacity of representative of several heirs a demurrer on the ground that the language of the complaint is ambiguous because it is prayed therein that a decree issue against the receiver personally cannot be sustained, because aside from the fact that the objections should be made to the facts alleged and not to the prayer the object herein is for a judgment against the defendant in his representative capacity.

The facts are stated in the opinion.

*Mr. N. B. K. Pettingill* for appellant.

*Messrs. José Tous Soto* and *Emigdio S. Ginorio* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

One of the heirs of Felix Olivieri Cervoni brought a suit in equity in the United States District Court for Porto Rico against her coheirs, seeking, among other things, to recover an inheritance. In this suit Edward Lee was appointed a receiver and he took possession of a number of properties, including several farms, upon which Olivieri himself had constituted a first mortgage in favor of the Crédito y Ahorro Ponceño and a second mortgage in favor of the firm of Durán & Coll.

The receiver also took possession of two other farms which had been sold at one time by Renta and his wife to Miguel Criado, with the right of redemption and subject to a lease for the same period as the time specified within which the right of redemption might be exercised, the right of redemption and the lease having been subsequently acquired by Olivieri.

Some time afterwards Luis Sotomayor commenced an action in the District Court of Ponce against Edward Lee, receiver of the Estate of Felix Olivieri Cervoni, the complaint alleging, in addition to the facts above recited, that in another suit brought in said court by the same litigants the value of the mortgages held by the Crédito y Ahorro Ponceño and by Durán & Coll had been acknowledged, liquidated and determined, and the contract of sale and lease was held to amount to a mortgage and was also liquidated; that he has acquired the said mortgages, and that, on orders of the court wherein the heirs brought a suit, and as a condition requisite for him to obtain the court's permission to proceed judicially to the execution of the mortgage credits held by him against the Estate of Olivieri Cervoni, he was required to pay at maturity certain loans which, with permission of the court, the receiver negotiated to run the farms placed in his charge. He also claims the amount he has paid for professional services to counsel for some of the minor defendants in the aforesaid action.

After making these statements, to which he added that he

is bringing this action against the receiver by authority of the United States District Court for Porto Rico to recover the amount of his mortgages, he closes with the prayer that the court issue an order instructing the receiver, as the representative of the Olivieri Estate, to pay him his claims against the estate, and further to direct that the mortgaged properties, and as many others as may be found necessary, be sold to satisfy his claims.

The defendant, Edward Lee, demurred to this complaint on three grounds, but failing to file an answer when the demurrer was overruled, judgment was entered against him by default, requiring him to pay the sums claimed by the plaintiff. It is from this judgment that the present appeal has been taken.

The errors assigned by the plaintiff and appellant in his brief may be classed into two groups, one including the first three relating to the decision on the demurrer, and the other including the rest, which refer to the judgment.

We will now examine the first of the groups because if it should be found that the errors therein assigned have in fact been committed, a consideration of the other group of errors would be unnecessary and the judgment would have to be reversed.

The first ground of the demurrer is as follows:

"That there was a misjoinder of parties defendant inasmuch as Edward Lee is only a defendant *pro forma* in his official capacity as receiver appointed by the United States Court, while the real owners of the property described in the complaint—that is to say, the heirs of Felix Olivieri Cervoni—have not been made parties to the suit by including their names in the complaint."

The only reference made to the receiver in the complaint is where it says that Luis Sotomayor was authorized by the United States Court to bring suit against him. But nothing is said of the powers given the receiver, and for that reason we are unable to determine whether or not plaintiff has a

cause of action against him alone, and whether or not the judgment could have been entered against him in the capacity in which he was sued, for, as a general rule, authority to sell property without an order of the court is not included among the powers given to receivers. *Jackson* v. *Horton et al.,* 126 Ill., 566; *Mason* v. *Hubner,* 104 Md., 554.

These powers not appearing in the complaint and a mere reference to them being insufficient to enable the district judge of Ponce to make any disposition whatsoever of the property of the heirs of Olivieri Cervoni, the said heirs must necessarily be made defendants since a disposition of their property is involved.

Therefore, the first ground of the demurrer was good and the court below erred in not sustaining the demurrer thereon.

The second ground of the demurrer, which is also the second of the errors herein assigned, reads:

"For a misjoinder of actions, since as some of them are for debts alleged to have been incurred by the said Felix Olivieri Cervoni in his lifetime, they consequently belong to that class of debts for which his heirs are personally liable; and because the cause of action given in paragraphs 9 and 10 is not properly a debt but an obligation to restore the title to certain lands, and because the cause of action mentioned in paragraph 15 is not a personal obligation binding upon anybody or a lien upon any particular property, but the origin of that cause of action, if it exists at all, arises exclusively from the decree of the United States Court above mentioned."

The question has not been raised as to whether or not it would have been proper to join the actions to recover the credits assigned by the plaintiff to Durán & Coll and to the Crédito y Ahorro Ponceño, yet the credit assigned by Criado is the subject of controversy.

In regard to this latter credit we must say that, inasmuch as a court has held, as has been alleged in the complaint, that the contract of sale with the right of redemption and the lease really amount to a mortgage, this obligation should have been treated as such in the demurrer, in which case it could have

been joined to the other actions since they are all derived from express contracts.

The claims of plaintiff are for disbursements made by him in payment of expenses incurred by the receiver in operating the properties put in his charge, and for the payment of fees of counsel for the minors for professional services rendered, the first of which disbursements was made necessary by the express contract for the loan negotiated by the receiver on behalf of the heirs to be applied to their properties, and the second by the implied obligation arising from the prosecuton of all actions which require the payment of costs, fees and such other expenses as the court may see fit to tax in accordance with the law.

For the reasons hereinbefore stated these two claims could have been joined to the prior ones, and, therefore, the court did not commit the error assigned.

With reference to the third ground of the demurrer, which is also the third ground of this appeal, that the language of the complaint is ambiguous because it is therein prayed that a decree issue against the defendant personally, no facts being stated in support thereof, we must say that, aside from the fact that objections should be made to the facts alleged and not to the prayers, nevertheless, as the petition herein made is not for a judgment against the defendant personally, but in his capacity of representative of the Olivieri Estate, we find that the court below did not err in overruling this ground of the demurrer.

Therefore the demurrer is sustained on the first of the grounds given, and as a consideration of the other errors assigned is unnecessary the judgment must be reversed and the case remanded to the court below for further proceedings.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.